UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ELDOR ARZIKULOV,

                    Petitioner,                        Case No. 1:26-cv-472

v.                                                     Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently

detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated

this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 224.

(Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention

and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering

Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No.

1, PageID.8.)

In an Order entered on February 23, 2026, the Court directed Respondents to show cause,

within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 24, 2026 (ECF No. 4), and Petitioner filed his reply on February 24, 2026 (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of Uzbekistan, charged with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). (Pet., ECF No. 1, PageID.4; Notice to Appear (NTA), ECF No. 4-1, PageID.46.)

In January 2026, Petitioner was arrested by ICE agents. (Pet., ECF No. 1, PageID.3.) Petitioner then filed his first § 2241 petition challenging his detention without a bond hearing in *See Arzikulov v. Noem*, No. 1:26-cv-00147 (W.D. Mich) (*Arzikulov I*). In *Arzikulov I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. *Arzikulov I*, ECF Nos. 7, 8 (W.D. Mich. Feb. 3, 2026).

On February 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Status Report, *Arzikulov I*, ECF No. 9-1 (W.D. Mich. Feb. 11, 2026). At that hearing, the immigration judge denied Petitioner bond because Petitioner "did not establish he is not a flight risk." *Id.*

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

2

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV.    Discussion**

Respondents argue that the Court should deny Petitioner's § 2241 petition on ground of jurisdiction, exhaustion, and on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**V.    Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**VI.    Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western

District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence within five business days of the date of this Judgment and with notice to the Parties as soon as practicable, no later than 24 hours before the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:  ___March 3, 2026_____          /s/ Jane M. Beckering_____
                                          Jane M. Beckering
                                          United States District Judge

4